```
Law Office of John D. Clemen (5804)
One Kings Highway
Tappan, New York  10983
(845) 398-3540
Attorney for Plaintiff
```

DOC# 1

03cv12226 JLT

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH CORPORATION, A Delaware Corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>MITSUBISHI HEAVY INDUSTRIES, LTD., and MITSUBISHI HEAVY INDUSTRIES AMERICA, INC.,<br><br>    Defendants. | 03 CV 7805<br>Civil No. _____<br><br>**COMPLAINT**<br><br>Plaintiff Demands a Jury Trial |

Plaintiff Keith Corporation, a Delaware corporation, by its attorney John D. Clemen, respectfully alleges as follows:

### GENERAL ALLEGATIONS

1. This action on behalf of Plaintiff, seeks damages for substantial property losses as the result of an aircraft crash that occurred on or about October 6, 2000.

2. Plaintiff Keith Corporation is a Delaware corporation with its principal place of business in Wilmington, Delaware.

3. Jurisdiction exists pursuant to 28 U.S.C. §1332 in that Plaintiff Keith Corporation is a Delaware corporation with its principal place of business located in Wilmington, Delaware; the defendant Mitsubishi Heavy Industries, Ltd. ("Mitsubishi"),

1

is a foreign corporation, organized and existing under the law of Japan; and, has its principal place of business in Japan, and defendant Mitsubishi Heavy Industries America, Inc. ("MHIA") is incorporated in Delaware and has its principal place of business in New York; and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4.   Venue is proper under 28 U.S.C. §1391 in that Defendant MHIA resides in this District.

5.   On October 6, 2000, Charles B. Yates was the pilot on board a Mitsubishi MU-2B-26A aircraft, registration number N60BT ("the subject aircraft"), on a flight from Trenton, New Jersey with an intended destination of Vineyard Haven (Martha's Vineyard) Airport, Edgartown, Massachusetts ("the subject flight"), when at approximately 9:55 p.m., the subject aircraft crashed approximately 1 mile from the subject airport, causing the destruction of the subject aircraft which was then, and at all other relevant times, owned by Plaintiff, Keith Corporation.

6.   Prior to and on October 6, 2000, Defendants Mitsubishi and MHIA designed, manufactured, assembled, inspected, tested, distributed, sold, serviced, maintained and repaired the subject aircraft and wrote and/or approved instructions and warnings for the subject aircraft, including its flight manual, maintenance manual, maintenance instructions, service bulletins, inspection schedules and service life schedules.

7. As a result of the foregoing crash and subsequent post-crash fire, the subject aircraft was destroyed. As a result, Plaintiff Keith Corporation sustained substantial property damages including the value of the aircraft, loss of use of the aircraft, and the value of its contents. Plaintiff Keith Corporation is entitled to all fair and just compensatory damages allowed under law.

## A FIRST CLAIM FOR PROPERTY DAMAGES AGAINST MITSUBISHI AND MHIA BASED ON NEGLIGENCE

8. Plaintiff restates the allegations of Paragraphs 1 through 7 above.

9. At all times relevant hereto, Defendants Mitsubishi and MHIA owed Plaintiff Keith Corporation a duty to exercise reasonable care in the manufacture, design, assembly, inspection, testing, distribution, sale, servicing, maintenance and repair of the subject aircraft and its component parts.

10. Said crash, injuries and resulting property damages were caused by the negligence of Defendants Mitsubishi and MHIA, including their officers, agents, employees and servants, in that they carelessly manufactured, designed, assembled, inspected, tested, distributed, sold, serviced, maintained and repaired the subject aircraft and its component parts.

11. The negligence of Defendants Mitsubishi and MHIA was the proximate and legal cause of the destruction of the subject

aircraft.

12. As a result of the foregoing, Plaintiff Keith Corporation has sustained substantial property damages and is entitled to recover all fair and just compensatory damages allowed under law, including damages for the value of the aircraft, loss of its use and the contents of the subject aircraft.

### A SECOND CLAIM FOR PROPERTY DAMAGES
### AGAINST MITSUBISHI AND MHIA BASED ON STRICT PRODUCTS LIABILITY

13. Plaintiff restates the allegations of Paragraphs 1 through 7 and 8 through 12 above.

14. On October 6, 2000, the subject aircraft and its component parts were being operated and used for the purpose and in the manner for which they were designed, manufactured, assembled, tested, serviced, distributed and sold and intended to be used in a manner foreseeable to Defendants Mitsubishi and MHIA.

15. On October 6, 2000, the subject aircraft, including its instructions and warnings, was defective and unreasonably dangerous and unsafe by reason of the defective design, manufacture, assembly, inspection, testing, warnings and instructions, sale, service, repair and maintenance of the subject aircraft and its component parts which caused the subject aircraft to crash and Plaintiff Keith Corporation to

sustain substantial property damage.

16. Said crash and property damage were caused by the aforementioned defective, unreasonably dangerous and unsafe condition of the subject aircraft and its component parts, including its instructions and warnings.

17. The defective condition of the subject aircraft and its component parts was the proximate and legal cause of the destruction of the subject aircraft.

18. As a result of the foregoing, Plaintiff Keith Corporation has sustained substantial property damages and is entitled to recover all fair and just compensatory damages allowed under law, including damages for the value of the aircraft, loss of its use and the contents of the subject aircraft.

### A THIRD CLAIM FOR PROPERTY DAMAGE AGAINST MITSUBISHI AND MHIA BASED ON BREACH OF WARRANTY

19. Plaintiffs restate the allegations of paragraphs 1 through 7, 8 through 12 and 13 through 18 above.

20. Prior to October 6, 2000, Defendants Mitsubishi and MHIA expressly and/or impliedly warranted and represented that the subject aircraft, including its instructions and warnings, was airworthy, of merchantable quality, fit and safe for the purpose for which it was designed, manufactured, assembled, inspected, tested, sold, serviced, repaired, maintained,

5

intended and used, and Mitsubishi and MHIA warranted that the subject aircraft was free from all defects.

21. Said breaches of warranty by Defendants Mitsubishi and MHIA were the proximate and legal cause of the destruction of the subject aircraft.

22. As a result of the foregoing, Plaintiff Keith Corporation has sustained substantial property damages and is entitled to recover all fair and just compensatory damages allowed under law, including damages for the value of the aircraft, loss of its use and the contents of the subject aircraft.

**WHEREFORE**, Plaintiff Keith Corporation demands judgment against Defendants Mitsubishi and MHIA in each claim for fair and reasonable damages, together with appropriate interest and the costs and disbursements of this action.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury.

Dated:  Tappan, New York          Law Office of John D. Clemen
        October 2, 2003

                                  _____
                                  John D. Clemen, Esq. (5804)
                                  One Kings Highway
                                  Tappan, New York  10983
                                  (845) 398-3540
                                  Attorney for Plaintiffs

6

**RULE 7.1 DISCLOSURE STATEMENT**

Plaintiff Keith Corporation was a close corporation incorporated under the laws of Delaware. Its sole shareholder was Charles B. Yates, deceased. There is no parent corporation.

_____
John D. Clemen, Esq.
Attorney for Plaintiff

**03 CV 7805**

Keith Corporation,
A Delaware Corporation

DOC# _____

- V -

Mitsubishi Heavy Industries, LTD.
and Mitsubishi Heavy Industries
America, INC

03cv12226 TT

FILED
U.S. DISTRICT COURT
2003 OCT -3 PM 2:38
S.D. OF N.Y.

## MEMORANDUM

**DATE:** 10/22/03

**TO:  UNIT:  Case Processing**

**FROM:  Dorothy Guranich, Case Processing**

**SUBJECT: ASSIGNMENT OF A CASE AS RELATED.**

**RE:** 03 CV 7805    KEITH CORP V MITSUBISHI

The above action is assigned to Judge MARRERO
from the unassigned docket as related to 02 CV 7932
The case processing clerk shall prepare and file an original Notice
of Assignment and mail copies to each attorney of record.

***Designated Magistrate Judge KATZ

cc: Judge MARRERO