UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re Air Crash Near Edgartown, Massachusetts,     :
On October 6, 2000                                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

KEITH CORPORATION, A Delaware               :
Corporation,                                         :
                                                     :
Plaintiff,                                           :
                                                     :
                -against-                            :
                                                     :
                                                     :
MITSUBISHI HEAVY INDUSTRIES, LTD. and    :
MITSUBISHI HEAVY INDUSTRIES AMERICA, :
INC.,                                                :
                                                     :
Defendants.                                          :
                                                     :
                                                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FILED
[illegible stamp]

2004 JAN -9  P 3: 20

U.S. DISTRICT COURT
DISTRICT OF MASS.

03-CV-12226-JLT

MDL Docket No.1522

**ANSWER OF DEFENDANT
MITSUBISHI HEAVY INDUSTRIES
AMERICA, INC.**

Defendant Mitsubishi Heavy Industries America, Inc. (hereinafter "MHIA"), by and through its attorneys Condon & Forsyth LLP, answers plaintiff's Complaint ("Complaint") as follows:

## AS TO THE GENERAL ALLEGATIONS

1.      MHIA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2.      MHIA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3.      MHIA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint, except admits that Mitsubishi Heavy Industries, Ltd. (hereinafter "MHI") is a corporation organized and

existing under the laws of Japan with its principal place of business in Tokyo, Japan, and that MHIA is organized and existing under the laws of the State of Delaware with its principal place of business in the State of New York.  MHIA states that it leaves all questions of law to be decided by the Court.

4.    MHIA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint except admits that MHIA's principal place of business is in New York and states that it leaves all questions of law to be decided by the Court.

5.    MHIA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint, except admits that a model MU-2B-26A aircraft, bearing Federal Aviation Administration Number N60BT (hereinafter referred to as the "Subject Aircraft"), was involved in an accident at or near Edgartown, Massachusetts on October 6, 2000.

6.    MHIA denies the allegations set forth in paragraph 6 of the Complaint, except admits that MHIA assumed certain manufacturer's product support functions for model MU-2 aircraft beginning in March of 1998.

7.    MHIA denies the allegations set forth in paragraph 7 of the Complaint.

## AS TO THE FIRST CLAIM FOR PROPERTY DAMAGES BASED ON NEGLIGENCE

8.    Answering paragraph 8 of the Complaint, MHIA repeats, reiterates and realleges each and every allegation, admission and denial in paragraphs 1 through 7 with the same force and effect as if set forth in full herein.

9.    MHIA denies the allegations set forth in paragraph 9 of the Complaint.

2

10.    MHIA denies the allegations set forth in paragraph 10 of the Complaint.

11.    MHIA denies the allegations set forth in paragraph 11 of the Complaint.

12.    MHIA denies the allegations set forth in paragraph 12 of the Complaint.

## AS TO THE SECOND CLAIM FOR PROPERTY DAMAGES
## BASED ON STRICT PRODUCTS LIABILITY

13.    Answering paragraph 13 of the Complaint, MHIA repeats, reiterates and realleges each and every allegation, admission and denial in paragraphs 1 through 12 with the same force and effect as if set forth in full herein.

14.    MHIA denies the allegations set forth in paragraph 14 of the Complaint.

15.    MHIA denies the allegations set forth in paragraph 15 of the Complaint.

16.    MHIA denies the allegations set forth in paragraph 16 of the Complaint.

17.    MHIA denies the allegations set forth in paragraph 17 of the Complaint.

18.    MHIA denies the allegations set forth in paragraph 18 of the Complaint.

## AS TO THE THIRD CLAIM FOR PROPERTY DAMAGE
## BASED ON BREACH OF WARRANTY

19.    Answering paragraph 19 of the Complaint, MHIA repeats, reiterates and realleges each and every allegation, admission and denial in paragraphs 1 through 18 with the same force and effect as if set forth in full herein.

20.    MHIA denies the allegations set forth in paragraph 20 of the Complaint.

21.    MHIA denies the allegations set forth in paragraph 21 of the Complaint.

22.    MHIA denies the allegations set forth in paragraph 22 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

23.    The Complaint fails to state a claim upon which relief can be granted.


## SECOND AFFIRMATIVE DEFENSE

24.    The damages, if any, sustained by plaintiff were caused or contributed to by the direct and proximate negligence or fault of parties or persons other than MHIA and over whom MHIA had no control and for whose acts MHIA is not liable and, accordingly, in the event MHIA is found to be liable to plaintiff, which liability is expressly denied, MHIA will be entitled to a finding of comparative and/or contributory negligence or fault and, thereafter, to indemnification, contribution or apportionment pursuant to the applicable law.


## THIRD AFFIRMATIVE DEFENSE

25.    The Subject Aircraft was not maintained or used as intended, was materially altered while not in the possession and control of MHIA, and was misused and abused by parties or persons other than MHIA and over whom MHIA had no control and for whose acts MHIA is not liable, and such misuse and abuse proximately caused or contributed to the damages complained of, such as to preclude all recovery by plaintiff or to reduce any recovery by a proportion equal to the percentage that such misuse or abuse represents of the total fault, if any, for the accident.


## FOURTH AFFIRMATIVE DEFENSE

26.    Plaintiff's breach of warranty claims are barred by the applicable statute of

4

limitations.

## FIFTH AFFIRMATIVE DEFENSE

27.    Plaintiff's breach of warranty claims are barred by the applicable contractual disclaimers and limitations contained in the original contract of sale for the Subject Aircraft.

## SIXTH AFFIRMATIVE DEFENSE

28.    At all times relevant, the Subject Aircraft was designed, manufactured, tested, certified, distributed, sold and delivered in conformance with the then applicable state of the art.

## SEVENTH AFFIRMATIVE DEFENSE

29.    At all times relevant, the Subject Aircraft was designed, manufactured, tested, certified, distributed, sold and delivered in conformance with the then prevailing industry standards and then applicable governmental regulations and statutes.

## EIGHTH AFFIRMATIVE DEFENSE

30.    If it is found that a defective condition existed in the Subject Aircraft, which is expressly denied, then at all times relevant, MHIA had no notice of such defect which would have enabled it to correct same.

## NINTH AFFIRMATIVE DEFENSE

31.    If it is found that a defective condition existed in the Subject Aircraft, which is expressly denied, then such defective condition was created solely by the acts and/or

omissions of third parties.

## TENTH AFFIRMATIVE DEFENSE

32.    Plaintiff's claims are barred by the applicable statute of repose, including but not limited to the General Aviation Revitalization Act, codified in 49 U.S.C. § 40101 ("GARA").  For purposes of GARA, the Subject Aircraft was not engaged in scheduled passenger carrying operations, had a seating capacity of fewer than twenty (20) passengers, and the date of its first delivery to a purchaser was more than eighteen (18) years before the alleged date of the accident, October 6, 2000.

## ELEVENTH AFFIRMATIVE DEFENSE

33.    Plaintiff's damages, if any, are limited to the extent permitted under the applicable wrongful death and survival statutes, if any.

## TWELFTH AFFIRMATIVE DEFENSE

34.    Plaintiff's damages, if any, for loss of personal property are barred under tort theories of liability.

## THIRTEENTH AFFIRMATIVE DEFENSE

35.    The recovery by plaintiff, if any, should be reduced by any collateral source payment that has been or will be paid to plaintiff.

WHEREFORE, MHIA respectfully demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the

6

foregoing, together with costs and disbursements and such other and further relief which

this Court deems just and proper under the circumstances.

Dated: New York, New York
     January 7, 2004

                      CONDON & FORSYTH LLP

                      By
                        Marshall S. Turner, Esq. (MT9243)
                        CONDON & FORSYTH LLP
                        685 Third Avenue
                        New York, New York 10017
                        (212) 490-9100

                        -and-

                        Richard P. Campbell, Esq.
                        CAMPBELL CAMPBELL EDWARDS &
                        CONROY, P.C.
                        One Constitution Plaza
                        Boston, Massachusetts 02129

                        Attorneys for Defendant
                        Mitsubishi Heavy Industries America, Inc.

TO:    John D. Clemen, Esq.
       One Kings Highway
       Tappan, New York 10983
       (845) 398-3540

       Attorney for Plaintiff

7

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                       : ss.:
COUNTY OF NEW YORK  )

        **Bertha Ortiz**, being duly sworn, deposes and says that deponent is not a

party to the action, is over 18 years of age and resides in Ozone Park, New York. That on

the 7th day of January, 2004 deponent served the within **ANSWER OF DEFENDANT**

**MITSUBISHI HEAVY INDUSTRIES AMERICA, INC.** upon:

                  John D. Clemen, Esq.
                  574 Colonial Road
                  River Vale, NJ 07675

at the address designated by said attorney for that purpose by depositing same enclosed in

a properly addressed wrapper in an official depository under the exclusive care and

custody of the United States Post Office Department within the State of New York.

                                                     **BERTHA ORTIZ**

Sworn to before me this
7th day of January, 2004

Notary Public

MARIA PAGAN
Notary Public, State of New York
No. 41-4841017
Qualified in Queens County
Commission Expires 10/31/0_